# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALAN HAROLD ROEBKE,<br>doing business as InFormed TV,<br><br>Plaintiff,<br><br>v.<br><br>BARBARA KREISMAN, et al.,<br><br>Defendants. | Case No. 18-cv-1273 (JRT/LIB)<br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the undersigned United States Magistrate Judge upon routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Alan Harold Roebke's Application to Proceeds in forma pauperis, [Docket No. 2], and Plaintiff's Motion for Emergency Injunctive Relief. [Docket No. 3].

Plaintiff brings his action asking the Court to direct the Federal Communications Commission ("FCC") to apportion part of the broadcast spectrum to him and InFormed TV, an entity closely controlled by him. (See, Compl. [Docket No. 1]). Plaintiff did not pay the filing fee in this matter, but instead applied for *in forma pauperis* ("IFP") status. (See, IFP Application [Docket No. 2]). That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Plaintiff qualifies financially for IFP status. However, an IFP application will be denied and an action dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam);

1

Carter v. Schafer, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff's complaint is not clear in all particulars, including the legal theory by which he is seeking relief. (See, Compl. [Docket No. 1]). In any event, nothing in the complaint establishes that Plaintiff or InFormed TV has any *entitlement* to the portions of the broadcast spectrum that have been or are about to be reapportioned by the FCC. (See, Id.). Nor does Plaintiff allege that the FCC has considered legally improper factors in reapportioning the broadcast spectrum such that the lawfulness of the FCC's decisions might be called into question. Finally, although Plaintiff alleges that his First Amendment rights have been violated, "[n]o one has a First Amendment right to a [broadcasting] license . . . ." Red Lion Broadcasting Co. v. F.C.C., 395 U.S. 367, 389 (1969). The restriction of the broadcast spectrum to groups of

individuals and entities that do not include Plaintiff does not, by itself, amount to a violation of his constitutional rights.

Accordingly, it is recommended that this matter be dismissed without prejudice.

Because this matter, as pleaded, has no chance of success on the merits, it is further recommended that Plaintiff's motion for emergency injunctive relief also be denied. See, Mid-America Real Estate Co. v. Iowa Realty Co., Inc., 406 F.3d 969, 972 (8th Cir. 2005) ("[A]n injunction cannot issue if there is no chance of success on the merits.").

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. The application to proceed *in forma pauperis* of Plaintiff Alan Harold Roebke, [Docket No. 2], be **DENIED**; and

3. Plaintiff Alan Harold Roebke's Motion for Injunctive Relief, [Docket No. 3], be **DENIED**.

Dated: June 26, 2018              s/Leo I. Brisbois
                                  Leo I. Brisbois
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

4

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).